IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES WILLIAM BROWN, )<br>    # 13407-021, )<br>        Petitioner, )<br>                              )<br>vs.                                )<br>                              )<br>WARDEN UNDERWOOD, FCI )<br>SEAGOVILLE, )<br>        Respondent. ) | No. 3:19-CV-2140-M (BH)<br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241*, received on September 10, 2019 (doc. 3), should be **DENIED** with prejudice.

## I.   BACKGROUND

James William Brown (Petitioner), a prisoner currently incarcerated in the Federal Correctional Institution (FCI) Petersburg Medium in Hopewell, Virginia, brought this action under 28 U.S.C. § 2241 to challenge a Bureau of Prisons (BOP) disciplinary proceeding.[2] (*See* doc. 3 at 2.)[3] He seeks dismissal of the disciplinary proceeding, restoration of his good conduct time, and the expungement of the incident report from his prison record. (*See id.* at 6-7.) Warden Underwood of FCI Seagoville is the respondent (Respondent).

Petitioner pled guilty in the United States District Court for the Southern District of Georgia to one count of possession of child pornography in violation of 18 U.S.C. §

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Petitioner was incarcerated in the FCI in Seagoville, Texas, when he filed his habeas petition. (*See* doc. 3 at 37.)

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

2252A(a)(5)(B), and one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). *See United States v. Brown*, No. 4:08-CR-00007-001, doc. 72 (S.D. Ga. May 5, 2009). He was sentenced to a total term of 296 months' imprisonment on May 5, 2009. *See id.*, at doc. 99.

On January 4, 2018, while serving his sentence at FCI Seagoville, Petitioner was charged by incident report no. 3073360 with violating BOP disciplinary code section 104, possession, manufacture, or introduction of a gun, firearm, weapon, sharpened instrument, knife, dangerous chemical, explosive, ammunition, or any instrument used as a weapon. (*See* doc. 9 at 10 §§ 9-10); *see also* 28 C.F.R. § 541.3, table 1. The incident report alleged that the reporting staff member discovered a "10 inch piece of metal sharpen [sic] to point with a taped handle" in Petitioner's secure locker on January 2, 2018. (doc. 9 at 10, § 11.) The report was delivered to Petitioner on January 2, 2018, and it stated that he was advised of his rights. (*See id.* at 10-11, §§ 15, 23-24.)

Petitioner denied that the weapon was his and claimed that others were trying to set him up in retaliation for inmates Alcala and Jimenez being sent to a special housing unit (SHU). (*See id.*, §§ 17, 24.) On January 4, 2018, the Unit Discipline Committee (UDC) referred the charge to a Disciplinary Hearing Officer (DHO). (*See id.* at 10, §§ 18-20.) The same day, Petitioner signed for receipt of two documents, an Inmate Rights at Discipline Hearing and a Notice of Discipline Hearing Before the DHO. (*See id.* at 19, 23.)

The discipline hearing before the DHO was held on January 18, 2018.[4] (*See id.* at 13, § I(B).) Petitioner's requested staff representative appeared at the hearing and stated that Petitioner understood the disciplinary process and the charge against him, and that there were no discrepancies with the disciplinary process up to that point. (*See id.*, § II(C).) Petitioner also

---

[4] The DHO report contains a typographical error identifying the hearing date as January 18, 2017. (*See* doc. 9 at 10, § I(B).)

requested witnesses Dr. J. Caperton, inmate Justin Weaver, and inmate David Boone, and statements were taken from them before the hearing. (*See id.*, § III(A); *id.* at 23.) At the hearing, Petitioner denied the charge and stated that he only had one prior incident report, he had no history of violence, no one needed a weapon at the prison, he was blamed for some of his friends getting locked up, and someone else had placed the weapon in his locker. (*See id.* at 13, § III(A).) He stated that he knew who it was but could not prove it. (*See id.*) Dr. Caperton did not recall Petitioner talking about inmates Alcala and Jimenez; he stated that Petitioner "has talked about getting set him [sic] by people in the community and staff and inmates while incarcerated." (*See id.* at 14, § III(2).) Inmate Weaver stated that "[a] lot of people believe [Petitioner] told the officer that Alcala and Jimenez were doing something," and that he did not know anything about the weapon. (*See id.*) Inmate Boone stated that he did not "know too much at all," and that Petitioner had a "'fear factor' going on for some time now." (*Id.*)

The DHO considered the BOP staff member's statement that "a 10-inch piece of metal, sharpened to a point, with a taped handle, was found in [Petitioner's] secured locker," the statements of Petitioner's witnesses, and Petitioner's statement. (*Id.* at 15, § V.). The DHO found that the greater weight of the evidence supported the determination that Petitioner committed the charged act and violated code 104 – Possessing a Dangerous Weapon. (*Id.* at 14-15, §§ IV, V.) As sanctions, the DHO disallowed 40 days of good conduct time, imposed 30 days of disciplinary segregation, and took away email and visiting privileges for 90 days. (*See id.* at 15, § VI.) The DHO report was delivered to Petitioner on January 31, 2018. (*See id.* at 16.)

In support of his appeal of the disciplinary case, Petitioner submitted his own statement dated March 28, 2018; for the first time, he also submitted a second statement from inmate Weaver dated March 27, 2018, statements from two other inmates dated March 26 and 28, 2018,

respectively, and an email that predated the incident report. (*See* doc. 3 at 17-29.) His appeal through the BOP administrative remedy process was denied on June 5, 2018, and August 16, 2018. (*See id.* at 17, 20.) On June 1, 2019, Petitioner requested that an additional investigation be conducted based on the three inmate sentences he submitted after the DHO's decision and during his administrative appeal. (*See id.* at 36.)

In his § 2241 petition, Petitioner claims that he was "denied due process where deliberate indifference was shown by prison staff by failing to interview witnesses or conduct a thorough investigation." (*Id.* at 5.)

## II.    DUE PROCESS

Petitioner contends that his right to due process was violated because "BOP staff have shown deliberate indifference to the exculpatory evidence in the form of several witness statements, presented after the DHO hearing in an effort to assist with the appeal, and in support of the information I provided to the DHO regarding witness information that showed I was not guilty of the allegation of weapon possession." (*Id.* at 5-6.)

To establish a violation of the due process of law in connection with a disciplinary proceeding, a prisoner must establish that he has been denied a "'liberty interest' that the prison action implicated or infringed." *Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007). Liberty interests are "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court identified the protections or procedures that a prison inmate may expect at a disciplinary hearing that results in a sanction affecting a liberty interest. Constitutional due process requires that the inmate receive: (1) advance written notice of the disciplinary charges at least 24 hours before the

4

disciplinary hearing; (2) an opportunity to appear at the hearing, call witnesses, and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67).

Here, Petitioner states, "With the exception of a 'typographical error' where the DHO Report incorrectly notes the hearing date as January 18, 2017, instead of 2018, this Petitioner is not arguing a violation of due process in the DHO Hearing."[5] (doc. 10 at 1.)  He instead "argues that [his] due process rights of appeal through the FBOP 'Administrative Remedy Process' were violated post DHO Hearing." (*Id.*)  He claims that the BOP ignored the "'new evidence'" "from new witnesses that did not exist at the time and date of the DHO Hearing." (*Id.* at 1-3.)

"[T]here is no federal constitutional right to an administrative appeal from a disciplinary conviction," and inmates "do not have a constitutionally protected right to a grievance procedure." *Banks v. Director*, No. 1:12-CV-592, 2013 WL 1003423, at *2 (E.D. Tex. Jan. 2, 2013) (citing cases); *see also Jackson v. Mizell*, No. 09-3003, 2009 WL 1792774, at *7 (E.D. La. June 23, 2009) ("As to plaintiff's complaint that an independent investigation was not performed in connection with the appeal, a prisoner has no federal constitutional right to *any* appeal in a disciplinary proceeding, much less to an independent appellate investigation.") (emphasis in original).  Because he does not have a constitutional right to an administrative appeal of the DHO's decision, the BOP's failure to further investigate or conduct a hearing on the alleged new evidence presented by Petitioner during the administrative appeal process did not result in the denial of due process,

---

[5] To the extent Petitioner alleges that his due process rights were violated at the DHO hearing because of a typographical error in the DHO report stating the hearing date was on January 18, 2017, instead of January 18, 2018, he has not otherwise explained how his due process rights were violated by this typographical error.  He does not appear to dispute that the hearing took place on January 18, 2018, and the record shows that he received the due process to which he was entitled under *Wolff*.  His conclusory claim is without merit and does not warrant § 2241 relief.

5

and his claim is without merit.

Further, even if the alleged new evidence had been presented at the discipline hearing, Petitioner's due process claim still fails. Due process does not require that the evidence in a prison disciplinary proceeding eliminate all other possible conclusions, but only that there be "some evidence" in support. *Hill*, 472 U.S. at 455-56; *see also Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. Unit A 1981) (inquiry is whether the decision of the prison authority supported by "some facts" or "any evidence at all"). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 572 U.S. at 455-56 (citations omitted). The reporting staff member's incident report, standing alone, constitutes some evidence. *Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001). When reviewing a prison disciplinary decision, "the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Smith*, 659 F.2d at 545; *see also Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

In Petitioner's disciplinary case, the BOP staff member's incident report stated that while conducting a search of Petitioner's secured locker, "a 10 inch piece of metal sharpen[ ] to point with a taped handle" was discovered. (*See* doc. 9 at 10, 17, § 11.) The incident report constitutes some evidence that Petitioner violated code 104 by possessing a weapon. *See Hudson*, 242 F.3d at 536-37. Because there was evidence in the record that supported the conclusion reached by the DHO, Petitioner has not shown that he was denied his right to due process based on any alleged insufficiency of the evidence.[6]

---

[6] In his reply, Petitioner notes that the incident report, DHO report, chain of custody log, administrative appeal denials, and Respondent's response in this action describe the weapon for which he was disciplined as being 10 inches, whereas

### III. RECOMMENDATION

The *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241*, received on September 10, 2019 (doc. 3), should be **DENIED** with prejudice.

**SIGNED this 14th day of June, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

the comments to an evidence photograph depicting the weapon describe it as being 11 inches. (*See* doc. 10 at 2.) To the extent these allegations may be liberally construed as challenging the sufficiency of the evidence to support the finding that he committed the prohibited act, his claim fails because there is evidence to support the DHO's finding, as discussed. The evidence photograph he referenced also states that the weapon depicted in the photo was found in his secured locker. (*See* doc. 9 at 21.) Petitioner is not entitled to relief under § 2241 on this claim.